UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA BERENICE MARTINEZ, | No. 2:24-cv-02765-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| SHULTE HOSPITALITY GROUP, INC., | |
| Defendants. | |

Before the Court is Plaintiff and Defendant's Joint Stipulation and Proposed Order to extend all deadlines by 120 days. (Stipulation (ECF No. 20) at 3.) The Court has twice continued all deadlines at the parties' request. On April 2, 2025, the Court granted the parties request to extend all deadlines by 10 months. (ECF No. 12.) On March 31, 2026, the parties again requested a continuance of all deadlines, this time by 120 days, which the Court granted. (ECF Nos. 17, 18.) In the most recent order, the parties were "advised that the Court will entertain no further requests for modification of the pretrial scheduling order absent good cause, with compelling circumstances shown." (ECF No. 18.)

District courts have broad discretion in supervising the pretrial phase of litigation. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). A

1

scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Under this standard, a "schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Krohne Fund, LP v. Simonsen*, 681 F. App'x 635, 638 (9th Cir. 2017) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)) (internal quotation marks omitted).

The parties have not shown the diligence, good cause, and compelling circumstances that would warrant a third continuance of all deadlines.  The parties request an extension of time solely because they have not yet reached an agreement about the scope of the putative class.  (Stipulation at 2.)  The parties assert that they cannot participate in the *Belair-West* Notice process without "first finalizing discussions on the scope of the putative class."  (*Id.*)  But they offer no reason why they have been unable to do so in the nearly two months since Defendant responded to Plaintiff's Requests for Production and Interrogatories.  The parties met and conferred once, over a month ago, to discuss this issue.  (*Id.*)  These facts do not indicate the current schedule "cannot reasonably be met despite the diligence of the party seeking extension" as the parties have not acted diligently.

Accordingly, IT IS HEREBY ORDERED that the parties' request for continuance of all deadlines (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated:    **July 7, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Martinez24cv02765.schedulingorder

2