UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA BERENICE MARTINEZ,<br>Plaintiff,<br>v.<br>SCHULTE HOSPITALITY GROUP, INC.,<br>Defendant. | No. 2:24-cv-02765-DJC-SCR<br><br>ORDER RE: MOTION TO COMPEL |

Before the Court is Plaintiff's motion to compel further responses to interrogatories and requests for production. ECF No. 30. The motion to compel is before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636. After a hearing on the motion, the Court now GRANTS IN PART and DENIES IN PART the motion to compel as set forth herein.

## I. Procedural History and Background

Plaintiff originally filed this action in state court as a putative class action on August 22, 2024. ECF No. 1-5. The action was removed to this Court on October 7, 2024. Plaintiff alleges that she was employed as a "houseman" for Defendant for two months in 2023. ECF No. 1-5 at ¶ 7. Plaintiff asserts a variety of wage and hour claims, including failure to pay minimum wages and overtime, and failure to provide meal and rest breaks. Defendant filed an answer (ECF No. 1-6), and a scheduling order was entered. ECF No. 6. The close of fact discovery was originally

////

set for June 13, 2025, but the deadline has been extended twice. The current deadline is October 6, 2026.[1] ECF No. 25.

Plaintiff filed the instant motion to compel on September 10, 2026, and set the motion for hearing on October 1, 2026. The parties filed a joint statement (ECF No. 31) on September 17, 2026. The parties then filed opposition and reply briefs, in violation of Local Rule 251(c)(3), which provides: "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed." The parties are cautioned to review and comply with the Local Rules. Future non-compliant submissions may be stricken. The Court has considered the joint statement and the opposition and reply briefs (ECF Nos. 32 & 35) and heard oral argument on October 1, 2026.

## II. Nature of Dispute and Rulings

The nature of the dispute concerns Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("First Set") served on February 6, 2026, and Plaintiff's Second Set of Interrogatories and Requests for Production of Documents ("Second Set") served on July 27, 2026. ECF No. 31 at 2. The two primary points of contention between the parties are: 1) whether Defendant waived objections to the First Set by not serving timely responses; and 2) the scope of pre-certification discovery.

### A. Waiver of Objections

Plaintiff contends that responses and objections to the First Set were not served until May 2026, that such responses were due in March 2026, and thus the objections were untimely and waived. ECF No. 30 at 9. Plaintiff states she did not "grant" Defendant an extension of the deadline but rather only "acknowledged" that the responses would be late. ECF No. 31 at 5. Plaintiff states that "email correspondence confirms this", but those emails are not attached to the Joint Statement.

Defendant contends that the Court should excuse the untimely objections for good cause.

[1] The parties filed a stipulation (ECF No. 29) seeking to extend all deadlines by twelve months, which remains pending. Consideration of that Stipulation is before District Judge Calabretta.

ECF No. 31 at 8. Defendant contends that current litigation counsel were retained as substitute counsel in February 2026, and that the discovery requests were not included in the file transfer from prior counsel. *Id*. Defense counsel "did not become aware of the outstanding discovery until after the response deadline had passed." *Id*. Defense counsel contends they requested an extension from Plaintiff's counsel who "granted without any request that Defendant provide objection-free responses." *Id.*

Defense counsel's declaration states that she became aware of the First Set "on or around February 18, 2026," when she contacted Plaintiff's counsel to discuss the case. ECF No. 32-1 at ¶ 6. Defendant requested an extension to April 30, 2026, and then May 14, 2026. *Id*. at ¶¶ 7-8. Defendant states that Plaintiff agreed to the request and did not condition the extension on a waiver of objections. *Id*. at ¶ 7.

Plaintiff's reply disputes this assertion and states: "Plaintiff's counsel acknowledged that Defendant intended to serve its responses after the deadline had elapsed but never agreed to extend the deadline." ECF No. 35 at 4. Plaintiff acknowledges that the substitution of defense counsel shortly after the discovery was served in February 2026 "may constitute good cause" under certain circumstances, but urges the Court to not find good cause here. *Id*.

Neither side presents contemporaneous correspondence from February or March setting forth the understanding as to an extension of time to respond to the First Set. The Court notes that the Joint Statement states: "On February 26, 2026, the Parties met and conferred and agreed to continue all deadlines pending mediation. The Parties, however, did not agree to continue Defendant's deadline to respond to Plaintiff's discovery, which remained March 9, 2026." ECF No. 31 at 2. The statement that "all deadlines" were extended, but not the deadline at issue appears inconsistent, and at least is ambiguous. The Court finds good cause for the untimeliness of the objections based on counsel's declaration setting forth the circumstances around the substitution of counsel in February 2026, and counsel's family emergency which necessitated a further two-week extension. ECF No. 32-1. The objections are not waived.

**B. Scope of Discovery**

The parties briefing focuses on the scope of pre-certification discovery. However, the

parties did not request to bifurcate discovery and thus the deadline for all fact discovery is October 6, 2026. As no class certification motion has been filed, the caselaw discussing discovery during the pre-certification stage remains relevant. "Discovery prior to class certification is wholly within the discretion of the court." *Hunter v. Legacy Health*, No. 3:18-cv-02219-AC, 2019 WL 4803225 (D. Or. Sept. 30, 2019), *citing Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 942 (9th Cir. 2009). "Generally, discovery at the precertification stage of a putative class action is limited to certification issues: e.g., the number of class members, the existence of common questions, typicality of claims, representative's ability to represent the class, etc." *Id*. at *5 (citation and quotation omitted).

The Court may choose to limit discovery during the precertification stage if the putative class is broad and the named plaintiff has provided insufficient facts to suggest that the violative conduct occurred companywide. *Id.* at 6. In *Hunter*, the court limited the discovery to one facility where plaintiff worked, and then due to the size of the facility further limited it to a sampling of 600 individuals. *Id*. at *8; *see also Silva v. Avalonbay Communities, Inc*., No. CV 15-4157-JAK, 2015 WL 11438549, at *3 (C.D. Cal. Sept. 2, 2015) (requiring the defendant to produce contact information for only those class members who worked in the same facility as plaintiff when defendant employed over 1,400 putative class members in 29 different job positions across 132 locations throughout California).

Defendant states that Plaintiff worked at Defendant's location in the Napa Valley region and did not work at any of Defendant's other California properties. ECF No. 32 at 3. Plaintiff worked there from June 28, 2023 to September 2, 2023. *Id*. At oral argument, the parties discussed Plaintiff working at two sites, which were essentially at the same location – counsel represented they were separated by a parking lot. Defendant states it had "offered to produce timekeeping and payroll records from the location Plaintiff worked at and its sister site location." *Id.* The Court finds that Plaintiff is entitled to discovery concerning other employees in order to establish a basis for her class certification motion. The Court will direct that Defendant to supplement its discovery responses to provide information as to the two locations where Plaintiff worked.

On the record presented to the Court, Plaintiff is not entitled to broader discovery about the putative class members at Defendant's other locations in California. Plaintiff does not allege that Defendant's employment policies—which Defendant has already disclosed, at least as to the policies at the locations Plaintiff worked—are unlawful. Nor does Plaintiff present any evidence that Defendant has violated the labor and employment rights of workers at other locations. In short, Plaintiff has not met her "burden of either making a prima facie showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations." *Aldapa v. Fowler Packing Co*., 310 F.R.D. 583, 588 (E.D. Cal. 2015). While Plaintiff is correct that this is not an absolute requirement in all cases, Plaintiff has also not cited a case allowing statewide pre-certification discovery on a similar record to the one presented here.[2]

The Court finds this was a legitimate dispute between the parties about the scope of discovery and declines to award fees. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) (court must decline to award fees if "the opposing party's nondisclosure, response, or objection was substantially justified"). Further, where a motion is granted in part, and denied in part (as here), the Court may apportion reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). The Court finds it appropriate for each side to bear their own costs in this discovery dispute.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion to compel (ECF No. 30) is GRANTED IN PART and DENIED IN PART as set forth herein.
2) Defendant shall serve supplemental responses to all the interrogatories and requests for production which were set forth as remaining in contention in the Joint Statement (ECF No. 31). When providing the supplemental responses, Defendant shall provide

---

[2] As Plaintiff notes, it is often necessary for a class representative plaintiff to engage in discovery in order to demonstrate that a class should be certified and the proper scope of that class. *See Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977). However, the thrust of the case law relied upon by Defendant is that a single plaintiff who has no evidence of unlawful practices at a systems level may not demand pre-certification discovery concerning a system-wide class. That case law does not stand against *Doninger*, but simply operates to appropriately tailor pre-certification discovery.

information as to the two facilities where Plaintiff worked. Defendant shall provide these supplemental responses **within 14 days** of the date of this Order.

SO ORDERED.

DATED: October 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE